SUMMARY ORDER
Petitioner Miriam Colon seeks review of a May 5, 2008 decision by the Board of Immigration Appeals (“BIA”), which dismissed her appeal of a decision by an Immigration Judge (“IJ”), which in turn found her statutorily ineligible for cancellation of removal and a waiver under the now-repealed section 212(c) of the Immigration and Nationality Act (“INA”), 8 U.S.C. § 1182(c). Although petitioner had become a permanent resident of the United States in 1991, the IJ determined that petitioner’s failure to disclose an earlier conviction for the sale of a controlled substance during the application process meant that she was never admitted as a lawful permanent resident. In reaching her decision, the IJ noted that petitioner claimed to suffer from memory loss as a result of physical abuse,[1] and further claimed that it was because of her memory loss that she failed to disclose her conviction. The IJ stated, however, that petitioner had submitted no medical evidence to support her claims. Because the IJ determined that petitioner was never a lawful resident, she determined that petitioner was statutorily ineligible for cancellation of removal and for § 212(c) relief. The BIA adopted and affirmed the decision of the IJ. We assume the parties’ familiarity with the remaining factual and procedural history of the case.
On appeal, petitioner raises two issues: (1) that the BIA’s failure to discuss peti-tionei’’s psychological assessment violated her right to due process of law because that assessment addressed the IJ’s concern that there was no evidence to corroborate petitioner’s claim of memory loss; and (2) that the BIA’s decision not to remand the case in order to permit petitioner’s sister-in-law to testify that petitioner was physically abused likewise violated due process.
At the outset we note that “[t]o establish a violation of due process, an alien must show that she was denied a full and fair opportunity to present her claims or that the IJ or BIA otherwise deprived her of fundamental fairness.” Burger v. Gonzales, 498 F.3d 131, 134 (2d Cir.2007) (internal quotation marks omitted). Upon a review of the record, we conclude that both of petitioner’s arguments are without merit.
First, petitioner’s psychological assessment does not provide evidence to corroborate her claim of memory loss; it merely notes that petitioner believes that she has suffered memory loss. Specifically, the report states that petitioner experienced physical abuse, “which she feels early on affected her memory” and that petitioner “recalls lapses in memory and difficulty retaining information.” J.A. 348. And although the report does conclude *686 that petitioner suffers from Posttraumatic Stress Disorder, it makes no connection between the disorder and memory loss. Accordingly, there can be nothing fundamentally unfair about the IJ’s determination that there was no evidence to corroborate petitioner’s claim of memory loss, nor in the BIA’s determination not to reference the report.
Second, with respect to petitioner’s argument regarding her request for a remand to allow her sister-in-law to provide testimony of her abuse, we note that there was already record evidence that petitioner was allegedly the victim of domestic violence, and neither the IJ nor the BIA ever questioned the legitimacy of petitioner’s claims of abuse. Rather, the BIA simply determined that petitioner had not demonstrated why a remand for additional testimony was necessary. Based on the record before us, we cannot conclude that the BIA’s decision denied petitioner a full and fair opportunity to present her claims, or deprived her of fundamental fairness. See Burger, 498 F.3d at 134.
For the reasons stated above, the petition for review is DENIED.

. We note that petitioner also seemed to be claiming memory loss as a result of treatment she received for cancer. See J.A, 44.